NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York Corporation,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>CALIFORNIA BANK AND TRUST,<br><br>        Defendant-Appellee. | No.   18-56100<br><br>D.C. No.<br>8:17-cv-00991-JLS-KES<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted February 13, 2020
Pasadena, California

Before: BERZON, R. NELSON, and LEE, Circuit Judges.

This case presents the question of when a claim against a bank based on a forged endorsement accrues under California law. The district court granted summary judgment in favor of California Bank and Trust and dismissed the claim as time-barred, ruling that the statute of limitations starts when the bank customer

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

receives a copy of the bank statement. Navigators Specialty Insurance Company appeals from that order. We reverse and remand because such a claim accrues when the bank customer should have reasonably discovered the forged endorsement.

Section 340(c) of the California Civil Procedure Code imposes a one-year statute of limitations on certain actions, including those "by a depositor against a bank for the payment of a forged or raised check, or a check that bears a forged or unauthorized endorsement." The plain language of section 340(c) makes clear that a claim based on a forged check or unauthorized endorsement must be filed within a year, but it does not specify when that claim accrues.

California courts have held that section 340(c) "dovetails" with section 4406(f) of the California Commercial Code — at least when it involves a forged signature on the front of the check. *Chatsky & Assocs. v. Superior Court*, 12 Cal. Rptr. 3d 154, 157 (Ct. App. 2004). Section 4406(f) prevents a customer from asserting a claim against her bank "based on a forged or unauthorized signature unless the customer discovers and reports the matter within one year after the bank made available a statement of account showing payment of the item." *Id.* Section 4406(f), in turn, references section 4406(a), which requires that a bank statement "provide information . . . sufficient to allow the customer to reasonably identify the items paid." Subsection (a) considers "sufficient information" to include entries describing debits "by item number, amount, and date of payment." The general rule

2

thus is that the "one-year limitations period applies independently with respect to each forged check and begins to run when the charge is reported to the depositor in a regular monthly account statement." *Chatsky*, 12 Cal. Rptr. 3d at 156. This rule comports with California's delayed discovery rule for fraud claims, under which a claim accrues when the plaintiff reasonably could discover the cause of action, *see April Enters., Inc. v. KTTV*, 195 Cal. Rptr. 421, 432-36 (Ct. App. 1983): A customer who receives a bank statement (along with copies of the cashed checks) has received all information required to be put on notice of her forged-check claim the moment she receives the bank statement.

The district court relied on cases involving forged signatures on the front of the check to rule that Deacon Construction (which issued the check), and by extension Navigators (Deacon's insurer and subrogee), was put on inquiry notice of a potential claim the day it received its bank statement. *See, e.g.*, *Mac v. Bank of Am.*, 90 Cal. Rptr. 2d 476, 478 (Ct. App. 1999); *Simi Mgmt. Corp. v. Bank of Am.*, 930 F. Supp. 2d 1082, 1085 (N.D. Cal. 2013); *Roy Supply, Inc. v. Wells Fargo Bank*, 46 Cal. Rptr. 2d 309, 311 (Ct. App. 1995).

This case, however, does not involve forged signatures on the front of the check, but rather forged endorsements on the back of a check. No California court has yet addressed this issue. Importantly, both parties conceded at oral argument that Section 4406(f) of the California Commercial Code — which the district court

3

relied on to rule that the claim accrued upon receipt of the bank statement — does not apply directly here, because that statute involves claims "based on a forged or unauthorized signature" (*i.e.*, a forged check, not a forged endorsement).

As a practical matter, there is a significant difference between a forged check and a forged endorsement. A bank customer can be reasonably expected to discover a forged signature on the front of the check when she receives a copy of the returned check along with the bank statement. In contrast, she presumably will not know if there is a forged endorsement on the back of the check because an endorsement is the payee's signature, not hers.

The one California case involving forged endorsements is of little help here. In *Hughes Electronics Corp. v. Citibank Delaware*, a California appellate court held that a one-year limitations period applied as opposed to Uniform Commercial Code's three-year limitations period. 15 Cal. Rptr. 3d 244, 265 (Ct. App. 2004). But the court did not address whether a claim for a forged endorsement accrues under section 340(c) when the bank customer reasonably should have discovered the forged endorsement (as Navigators contends) or when she received the bank statement (as CB&T argues) because the claim was clearly time-barred under either scenario.

Given the absence of authority, we must "predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from

4

other jurisdictions, statutes, treatises, and restatements as guidance." *In re Bartoni-Corsi Produce, Inc.*, 130 F.3d 857, 861 (9th Cir. 1997) (citation omitted).

The California Commercial Code sheds some light. Comment number 5 to section 4-406 of the Uniform Commercial Code states that "Section 4-406 imposes no duty on a customer to discover a forged indorsement." Cal. Com. Code § 4406 cmt. 5(West 2017). As noted above, a bank customer presumably would have no basis to determine whether an endorsement on the back of the check was forged. The depository bank that accepts the check is in a better position to verify that the endorsements are valid by, for example, asking to view identification. In sum, a claim based on a forged endorsement cannot accrue upon receipt of a bank statement when that statement would not put the customer on notice of a fraudulent endorsement. Such a rule is in keeping with California's delayed discovery rule for fraud claims. *See April Enters., Inc.*, 195 Cal. Rptr. at 432, 436 (Ct. App. 1983). We thus hold that the section 340(c) limitations period runs from the date at which the bank customer reasonably should have discovered the forged endorsement.

The record, however, has not been adequately developed for us to decide whether Navigators's claims are time barred. Nor is the record sufficient for us to decide whether summary judgment should instead be granted in favor of Navigators, as Navigators asks us to do.

We reverse the district court's order of summary judgment in favor of

5

California Bank and Trust, and remand for the court to ascertain when Navigators's predecessor in interest reasonably should have discovered the forged endorsements. Once the date of reasonable discovery has been established as a factual matter, the section 340(c) limitation period shall run from that date and bar any claims not brought within one year.

**REVERSED AND REMANDED.**